## Case No. 6,988.

### HYSLOP v. HOPPOCK et al.

[5 Ben. 447; [1] 6 N. B. R. 552.]

District Court, S. D. New York. Jan. 10, 1872.

SERVICE OF SUBPOENA IN EQUITY — RETURN OF SUBPOENA—JURISDICTION—RECEIVER.

1. A bill was filed by an assignee in bankruptcy against the bankrupt H. and his wife, and one B., to set aside conveyances made by H. to C., who, by his will, had bequeathed them to H.'s wife, on the allegation that the conveyances were fraudulent as against H.'s creditors. A subpoena was issued on the bill, returnable on the first Tuesday of the following month. An affidavit was thereafter filed of the service of the subpoena on H. and his wife, by

[3] [From 7 Am. Law Rev. 457.]

[4] [From 7 Am. Law Rev. 457.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

leaving copies thereof at their dwelling-house or usual place of abode, viz., 38 West Fourteenth street, in New York City, with a free white person, a member or resident in the family. This service was claimed to have been in accordance with the 13th rule in equity, and on it a rule was entered taking the bill as confessed, against H. and his wife. H. and his wife thereupon, not appearing generally in the cause, moved to set aside the subpoena because it was not made returnable on a rule day, and also moved to set aside the service and all subsequent proceedings, on affidavits showing that they had not resided at 38 West Fourteenth street for two years and more before the alleged service, but not showing where they did reside at the time of the service. The complainant also moved for the appointment of a receiver to take the rents and profits of the estate. *Held*, that there was no irregularity in making the subpoena returnable as it was, and the motion to set aside the subpoena must be denied.

[Cited in Romaine v. Union Ins. Co., 28 Fed. 636.]

2. As No. 38 West Fourteenth street was not the existing dwelling-house or place of abode of H. and his wife at the time of the alleged service, service by leaving the copies there gave the court no jurisdiction, and the affidavit of service, and all proceedings subsequent, must be set aside.

[Cited in Romaine v. Union Ins. Co., 28 Fed. 639.]

3. As the wife of H. was the person alleged to hold the property adversely to the plaintiff, and she had not been served with process, and as B. was not alleged to have received the rents and profits except as agent for others, the motion for a receiver must be denied.

[This was a bill in equity by Thomas Hyslop, assignee in bankruptcy of Ely Hoppock, against Ely Hoppock, Caroline Hoppock, and Erastus S. Brown, praying that certain conveyances made by the bankrupt be set aside as fraudulent, and that plaintiff be appointed receiver.]

Amos G. Hull, for plaintiff.
Charles Tracy, for Hoppock and wife.

BLATCHFORD, District Judge. The bill in this case was filed on the 5th of October, 1871. The prayer of the bill is, that a conveyance made by Ely Hoppock, the bankrupt, November 15th, 1867, of a lot of land on Thirteenth street, in the city of New York, to one Samuel Cary, and a conveyance made by said Hoppock, October 4th, 1867, of a lease of a lot of land on Fourteenth street, in said city, to one Walter Barnes, and which lease was assigned by said Barnes on the same day to Caroline Hoppock, the wife of the bankrupt, and assigned by her November 15th, 1867, to said Barnes, and assigned on the same day by the said Barnes and said bankrupt to said Cary, and the properties covered by which conveyances, lease and assignments, were devised and bequeathed by said Cary, by his last will and testament, made November 29th, 1870, to said Caroline Hoppock, may be decreed to have been fraudulent and void as against the creditors of the said bankrupt, and that such properties, and the proceeds thereof, and the right of action therefor, may be decreed to have vested in the plaintiff, and that the defendant Brown, who is alleged to be receiving the rents of the properties, may be decreed to account to the plaintiff for such rents from the 1st of May, 1871, and that the bankrupt and his wife may be enjoined from parting with or encumbering the properties, and from receiving the rents thereof, and that the plaintiff may be appointed receiver of such rents.

On the filing of the bill, a subpoena to appear and answer was issued, on the 5th of October, 1871, returnable on the first Tuesday of November, 1871, and directed to the defendants. On the 6th of October, 1871, the marshal, in writing, deputed Charles L. Clarke to serve the subpoena. In an affidavit sworn to by Mr. Clarke on the 7th of October, 1871, and filed on the 9th of November, 1871, and annexed to the subpoena, he deposes, that, "on the 6th day of October, 1871, he served the annexed subpoena on Ely Hoppock and Caroline Hoppock his wife, two of the defendants therein, by leaving copies thereof, for each of said defendants, at the dwelling-house or usual place of abode of the said Ely Hoppock and Caroline his wife, to wit, No. 38 West Fourteenth street, in the city of New York, with a free white person, a member or resident in the family." This service purported to be made under the provisions of rule 13th in equity, which is: "The service of all subpoenas shall be by a delivery of a copy thereof, by the officer serving the same, to the defendant personally, or, in case of husband and wife, to the husband personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of each defendant, with some free white person, who is a member or resident in the family." On such service, a rule was entered, on the 9th of November, 1871, taking the bill as confessed against the defendants Ely Hoppock and Caroline Hoppock his wife, for want of an appearance. Those defendants now come into court, without appearing generally in the cause, and move the court that the order pro confesso, and the subpoena and its alleged service, and the affidavit thereof, and all subsequent proceedings of the plaintiff on the subpoena and order, be set aside, on the grounds, among others, (1) that the subpoena was not made returnable on a rule day, but was made returnable on the first Tuesday of the month; (2) that the place mentioned in the affidavit of service, 38 West Fourteenth street, was not the dwelling-house or usual place of abode of the defendants, or either of them.

It is satisfactorily shown, by affidavits, that neither of the two defendants has been personally served with a subpoena; that 38 West Fourteenth street, in the city of New York, was not, on the 6th of October, 1871, the dwelling-house or usual place of abode of either of them; and that 38 West Fourteenth street, in the city of New York, has not been the dwelling-house or usual place of

abode of either of them since the 30th day of April, 1868. Where the dwelling-house or usual place of abode of the defendants has been since June, 1868, or is now, is not shown, but it would seem to be indicated that it is now in Canada, if anywhere. Although the bankrupt may have fled from the jurisdiction of this court in bankruptcy, to avoid the consequences of frauds committed by him on his creditors, and although his wife, the recipient of the benefits of such frauds, may have accompanied him in his flight, and although he and she may be hiding just over the line in Canada, and venturing into this state, at Niagara Falls, only for the purpose of making an affidavit for the purposes of this motion, yet this court, sitting in equity, for the purposes of this suit, has acquired no jurisdiction of the persons of the defendants by such service of the subpoena as has been made. This court cannot, on the evidence, hold that 38 West Fourteenth street, in the city of New York, has been, at any time since the 30th day of April, 1868, the dwelling-house or usual place of abode of either of the defendants. The rule does not permit the service to be made by leaving the subpoena at the "last" place of abode, as in the case of an order to show cause under section forty of the bankruptcy act [of 1867 (14 Stat. 536)], or at the "last usual" place of abode, as in form No. 57 in bankruptcy, but it is to be left at the existing, present dwelling-house, or the existing, present, usual, customary place of abode. I cannot hold that 38 West Fourteenth street, in the city of New York, was, on the 6th of October, 1871, the dwelling-house of the defendants, or of either of them, or the usual place of abode of them or of either of them, in the face of the facts shown, that neither of them has occupied the house 38 West Fourteenth street as a dwelling-house or place of abode since the 30th of April, 1868, although it is not shown where any dwelling-house or place of abode is situated which is now occupied by the bankrupt, or which has been occupied by him since the 30th of April, 1868, or where any dwelling-house or place of abode is situated which is now occupied by his wife, or which has been occupied by her since the 25th of May, 1868. The question is one of the jurisdiction which this court, as a court sitting in equity, in this suit, has acquired over the persons of the defendants in this suit, by process issued and served therein.

I see no irregularity in making the subpoena in this case returnable on the first Tuesday of the month, and not on the first Monday. There is a new term of this court on the first Tuesday of each month. There are but two or three terms of each circuit court in the year, and hence the general equity rules provide that the subpoena shall be returnable on a rule day, that the first Monday of every month shall be a rule day, and that the return day of the subpoena shall be the next rule day, or the next rule day but one occurring after twenty days from the time of issuing the subpoena. General order No. 32 in bankruptcy provides, that, "in proceedings in equity instituted for the purpose of carrying into effect the provisions of the bankruptcy act, or of enforcing the rights and remedies given by it, the rules of equity practice established by the supreme court of the United States shall be followed, as nearly as may be." I think the spirit of this general order and of those rules was sufficiently complied with in this case, in respect to the return day of the subpoena.

The motion must, therefore, be granted in respect to setting aside the order pro confesso, and the alleged service of the subpoena, and the affidavit of such service, and all subsequent proceedings of the plaintiff on the subpoena and order, and denied in respect to setting aside the subpoena.

The plaintiff also moves that he may be appointed receiver of the rents and profits of the said properties. Inasmuch as Mrs. Hoppock is the person alleged to hold the properties adversely to the plaintiff, and she has not been served with process, and the defendant Brown is not alleged to have acted otherwise than as agent for others in receiving the rents, the motion for a receiver must be denied.